UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re

KELLY ANN WOOD,

      Debtor.

Case No. 08-21191

Chapter 13

---

MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO CLAIM

---

      The debtor filed this chapter 13 petition on February 15, 2008. On June 11, 2008, the debtor's former spouse, Jeffry Sproule, filed an adversary proceeding, seeking to have an obligation found nondischargeable under 11 U.S.C. § 523(a)(2), (a)(6), and (a)(15). The adversary complaint was not contested and at the August 18, 2008, pretrial conference, the court found the claim met all the prima facie elements of 11 U.S.C. § 523(a)(15).[1] An order for judgment of nondischargeability under 11 U.S.C. § 523(a)(15) only was subsequently entered and later amended to clarify that the debt was excepted from discharge unless the debtor receives a discharge under 11 U.S.C. § 1328(a).

      Mr. Sproule filed his proof of claim, in the priority amount of $6,452.22, on July 21, 2008. Because the last day for unsecured creditors to file proofs of claim was June 26, 2008, the trustee opposed the claim as untimely and requested that the court disallow the claim in full. He then moved to have his adversary complaint construed as an informal proof of claim as the complaint was filed before the bar date for filing claims.

---

      [1] Because the adversary proceeding was not filed prior to the May 27, 2008, deadline to file a complaint to determine dischargeability of certain debts, the court was precluded from finding the obligation nondischargeable pursuant to the plaintiff's alternative causes of action under section 523(a)(2) and (a)(6). *See* 11 U.S.C. § 523(c).

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), and the court has jurisdiction under 28 U.S.C. § 1334. This decision constitutes the court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

## ARGUMENTS

Mr. Sproule argues the court should construe his adversary complaint, which was filed before the deadline to file proofs of claim, as an informal proof of claim. The complaint specifies the exact amount of the obligation and the trustee had actual knowledge of the claim prior to the bar date. Additionally, since the debtor has proposed to increase plan payments to cover the additional claim, other creditors would not be prejudiced by payment of the late-filed claim.

The trustee opposes allowance of the claim because the complaint did not clearly evidence an intent to hold *the estate* liable for the debtor's nondischargeable obligation.

## DISCUSSION

Chapter 13 does not contain an explicit provision dealing with tardily-filed proofs of claim. As a result, the only relevant provision for a court to consider when faced with a late-filed claim in a chapter 13 case is Rule 3002(c) which sets forth the bar dates for claims. Upon objection, late-filed claims are disallowed pursuant to 11 U.S.C. § 502(b)(9).

Nevertheless, under some circumstances, actions by a claimant which do not amount to a formal proof of claim may constitute an informal proof of claim. *In re Anderson-Walker Indus., Inc.*, 798 F.2d 1285 (9th Cir. 1986); *In re Charter Co.*, 876 F.2d 861 (11th Cir. 1989). The bankruptcy code does not provide for the acceptance of informal proofs of claim; rather, the allowance of an informal proof of claim is an equitable, common-law doctrine, whereby courts

treat filings that do not conform to the formal requirements for a proof of claim as informal proofs. *In re Montgomery*, 305 B.R. 721 (Bankr. W.D. Mo. 2004); *In re Wigoda*, 234 B.R. 413, 415 (Bankr. N.D. Ill. 1999), *aff'd*, 11 Fed. Appx. 624 (7th Cir. 2001). However, not every document filed in the bankruptcy court will constitute an informal proof of claim. *In re Charter Co.*, 876 F.2d 861 (11th Cir. 1989).

Although the Seventh Circuit has not articulated the requirements necessary to file an informal proof of claim, it has recognized the informal proof of claim doctrine. *See In re Boone County Utilities, LLC*, 506 F.3d 541 (7th Cir. 2007); *In re Outboard Marine Corp.*, 386 F.3d 824 (7th Cir. 2004); *Matter of Plunkett*, 82 F.3d 738 (7th Cir. 1996); *Matter of De Vries Grain & Fertilizer, Inc.*, 12 F.3d 101 (7th Cir. 1993); *Matter of Stoecker*, 5 F.3d 1022 (7th Cir. 1993); *Matter of Unroe*, 937 F.2d 346 (7th Cir. 1991); *Matter of Evanston Motor Co.*, 735 F.2d 1029 (7th Cir.1984); *Wilkens v. Simon Bros., Inc.*, 731 F.2d 462 (7th Cir. 1984).

The Seventh Circuit has stated the general rule "that a claim [either formal or informal] arises where the creditor evidences an intent to assert its claim against the debtor." *Wilkens*, 731 F.2d at 465. "Mere knowledge of the existence of the claim by the debtor, trustee, or bankruptcy court is insufficient." *Id*. (internal citation omitted). "A creditor can manifest its intent to hold a debtor liable in many ways, and the particular facts of a case will determine whether such a de facto claim has been made." *Id*.

Other courts have articulated various standards to determine whether something constitutes an informal proof of claim. *See In re American Classic Voyages Co.*, 405 F.3d 127, 130-32 (3d Cir. 2005) (five requirements); *In re Reliance Equities, Inc.*, 966 F.2d 1338, 1345 (10th Cir. 1992) (five requirements); *In re Hansel*, 160 B.R. 66, 71 (Bankr. S.D. Tex. 1993) (two

3

requirements); *Matter of Burrell*, 85 B.R. 799, 801 (Bankr. N.D. Ill. 1988) (two requirements); *In re Mitchell*, 82 B.R. 583, 586 (Bankr. W.D. Okla. 1988) (three requirements); *Wigoda*, 234 B.R. at 415 (four requirements). As one court keenly noted:

> The cumulative effect of these decisions leads the court to conclude that it should approach the concept of an informal proof of claim with a degree of caution. Reading the reported decisions concerning informal claims can quickly lead one to the conclusion that it is a doctrine in need of some discipline or at least clarification. The decisions are not consistent. For every decision which comes to the conclusion that something constitutes an informal proof of claim, one can easily find another saying that it does not.

*In re Fink*, 366 B.R. 870, 874 (Bankr. N.D. Ind. 2007).

Several courts have found adversary complaints satisfy the requirements of informal proofs of claim. *See*, *e.g.*, *In re Nikoloutsos*, 199 F.3d 233 (5th Cir. 2000) (complaint filed in an adversary proceeding to have debt declared nondischargeable qualified as informal proof of claim that could be amended after claims bar date); *In re Lang*, 166 B.R. 964 (D. Utah 1994) (complaint requesting determination of dischargeability of debts arising from debtor wife's allegedly misleading her husband into believing he was biological father of children in question held to constitute informal proof of claim); *but see In re Wigoda*, 234 B.R. 413 (Bankr. N.D. Ill. 1999), *aff'd*, 11 Fed. Appx. 624 (7th Cir. 2001) (complaint to determine dischargeability would not be considered informal proof of claim where creditor had been consistently tardy in filing necessary documents with the court).

Nevertheless, when faced with the issue of whether a creditor's motion for relief from the automatic stay and nondischargeability complaint should be construed as an informal proof of claim, one bankruptcy court stressed the important distinction between the debtor and the bankruptcy estate. *Fink*, 366 B.R. at 878-79. The court noted that over time many courts had

4

improperly blurred the distinction between a demand made upon the debtor and a demand made upon the estate. The court pointed out that the debtor is the entity that is the subject of the bankruptcy proceeding, 11 U.S.C. § 101(13), while the estate consists of the property from which a distribution to creditors will ultimately be made. 11 U.S.C. § § 541, 726. As such, the court adopted the formulation used by the earlier courts, and asked whether the document which is urged to be an informal proof of claim makes a demand upon the *estate* and expresses an intent to hold the *estate* liable. *Fink*, 366 B.R. at 878-79 (*citing In re Unioil, Inc.*, 962 F.2d 988, 992 (10th Cir. 1992); *In re International Horizons, Inc.*, 751 F.2d 1213, 1217 (11th Cir. 1985); *In re Franciscan Vineyards, Inc.*, 597 F.2d 181, 183 (9th Cir. 1979); *In re High Point Seating Co.*, 181 F.2d 747, 750 (2d Cir. 1950); *In re Hotel St. James Co.*, 65 F.2d 82, 83 (9th Cir. 1933); *In re Ragan*, 2 F.2d 785, 786 (1st Cir. 1924); *In re Thompson*, 227 F. 981, 983 (3d Cir. 1915); *In re Mitchell*, 82 B.R. 583, 586 (Bankr. W.D. Okla. 1988)). This Court finds the *Fink* court's analysis persuasive. *See also In re Brooks*, 370 B.R. 194 (Bankr. C.D. Ill. 2007) (following reasoning in *Fink*, creditor's motion for relief did not qualify as informal proof of claim); *In re Butterworth*, 50 B.R. 320 (W.D. Mich. 1984) (holding creditor's complaint objecting to discharge in chapter 7 case does not qualify as informal proof of claim because objection to discharge is attempt to recoup debt out of debtor's post-bankruptcy assets and is not a claim against estate assets).

Thus, in this case, if the question surrounding an informal proof of claim is "does it contain a demand against *the estate* and indicate an intent to hold *the estate* liable or a desire to receive payment from *the estate* through the bankruptcy process," Mr. Sproule's filings do not qualify as an informal proof of claim. Instead of reflecting an intent to hold the estate liable for

5

the debt or a desire to share in a distribution from it, those filings indicate that Mr. Sproule wanted to be freed from the bankruptcy process in order to collect the amounts due him on his own and that he should continue to have that right notwithstanding the outcome of the bankruptcy and any discharge the debtor might receive. In his nondischargeability complaint, Mr. Sproule "request[ed] that the court find this debt of $6,452 to be nondischargeable and ask[ed] that the bankruptcy stay be lifted to allow [him] to proceed in circuit court to collect this debt." (Complaint ¶ 8, filed June 11, 2008, Adv. Pro. No. 08-2147). This reflects an intent and a desire to be insulated from the bankruptcy process and, in effect, to exempt himself from it. Mr. Sproule's complaint does not exhibit an intent to hold the estate liable or a desire to receive payment through the bankruptcy process. In fact, due to the timely filing of priority claims, it is doubtful he would receive much, if anything, were the claim allowed.

As noted above, the concept of an informal proof of claim is an equitable doctrine developed by the courts to ameliorate the strict enforcement of the claims bar date. *In re Gonzalez*, 295 B.R. 584, 588 (Bankr. N.D. Ill. 2003). Equitable considerations must relate only to the filing and the interpretation of the asserted informal proof of claim, as the bankruptcy court has no general equitable power to allow late proofs of claim, no matter how worthy the merits of the creditor's claim. *Matter of Greenig*, 152 F.3d 631, 635 (7th Cir. 1998). Here, Mr. Sproule was aware the debtor had made charges to his account in 2007, and her liability to him was established in state court, both well before the bankruptcy. His complaint states that he received notice of her bankruptcy case on February 25, 2008. (Complaint ¶ 7, Filed June 11, 2008, Adv. Pro. No. 08-2147). No excuse has been asserted for the delay in filing the complaint, and not a proof of claim, and the complaint clearly does not request that the debt be paid from the estate.

6

Case 08-21191-mdm    Doc 49    Filed 10/16/08    Page 6 of 7

Therefore, it is not inequitable for the court not to interpret this complaint as an informal proof of claim.

For the reasons stated above, the trustee's objection to claim is sustained. A separate order consistent with this decision will be entered.

October 16, 2008

Margaret Dee McGarity
Chief Judge, U.S. Bankruptcy Court

7